IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Ivette Domenech-Lugo, **Plaintiff,** v. Universal Insurance Company of Puerto Rico, Grupo Colon Gerena, WENDCO of Puerto Rico, Inc., **Defendants.** | Civil No. 21-1483<br><br>Plaintiff demands trial by jury. |

## COMPLAINT

As her Complaint against the defendants, plaintiff Ivette Domenech-Lugo alleges and prays as follows:

### I. THE PARTIES

1. Plaintiff Ivette Domenech-Lugo, a/k/a Ivette Rosario Domenech-Lugo ("Domenech-Lugo") is a citizen of the United States of America domiciled in Staten Island, New York.

2. Defendant Universal Insurance Company of Puerto Rico ("Universal") is a company organized under the laws of Puerto Rico, having its principal place of business at Metro Office Park, Calle 1 Lote 10, Guaynabo, P.R. 00968.

3. Defendant WENDCO of Puerto Rico, Inc., ("WENDCO") is a corporation organized under the laws of Puerto Rico, having its principal place of business at 1155 Ponce de León, Esq. Calle Condado, San Juan, P.R. 00907.

4. Defendant Grupo Colon Gerena, ("GCG") is a corporation organized under the laws of Puerto Rico, having its principal place of business at 1155 Ponce de León, Esq. Calle Condado, San Juan, P.R. 00907.

5. At all material times herein Universal Insurance Company had in effect an insurance policy that covers the accident and damages detailed hereinafter.

## II.  JURISDICTION AND VENUE

6. There is jurisdiction over the subject matter and over the parties to this suit as all the parties on either side of the suit are of diverse citizenship, and because the amount in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000). 28 U.S.C. § 1332.

7. Venue is proper in the U.S. District Court for the District of Puerto Rico because it is where the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(a).

## III.  OPERATIVE FACTS

8. At all relevant times, defendants WENDCO and/or GCG were/was the owner(s) and/or operator(s) of Wendy's Montehiedra.

9. On October 10, 2020 at approximately 9:20 p.m. plaintiff Ivette Domenech-Lugo was a business guest of Wendy's Montehiedra when she suffered a slip and fall accident on a slippery floor.

10. The accident occurred one (1) day before her 46th birthday.

11. At the time of the accident her life expectancy was 36.90 years or 13,469 days.

12. As a result of the accident, Mrs. Domenech-Lugo suffered a very significant and permanent aggravation of a pre-existing lower back condition.

13. As a result of the accident, her low-back pain has increased and worsened tremendously.

14. Shortly after the accident the daily dose for low-back pain was increased from Percocet 5mg-325mg tablet to 7.5mg-325mg tablet.

15. In August of 2021 the dose had to be increased to **10mg-325mg tablet 3 times daily –** a **300**% increase.

16. Mrs. Domenech-Lugo is a hemophiliac and cannot undergo back surgery nor receive pain management injections to alleviate her pain.

17. At present she is experiencing the following secondary effects from such pain medication: (i) drowsiness (ii) itchiness throughout her body (iii) difficulty sleeping and resting (iv) stomachache and nauseated (v) feeling of foolishness.

18. All of the above is documented in the medical records that she provided to Universal Insurance Company before filing this Complaint.

19. Shortly after the occurrence of the accident, Mrs. Domenech-Lugo was taken by ambulance to the Emergency Department of Hospital San Francisco.

20. Defendants WENDCO and GCG had security cameras in the restaurant.

21. The cameras recorded the accident.

22. On December 15, 2020 the undersigned attorneys sent by certified mail return receipt an Evidence Preservation Letter to WENDCO requesting that it immediately take all necessary measures to preserve all videos and/or recordings of any kind of the area where the accident occurred, taken or recorded on October 10,2020 from the time the restaurant started operations until the time it closed operations, as well as all photographs and/or images of the area where the accident occurred taken before as well as after the occurrence of the October 10, 2020 accident.

23. As of today, WENDCO has yet to respond to the Evidence Preservation Letter.

## IV.   LIABILITY

16. The accident took place as a result of the fault and/or negligence of WENDCO and/or GCG, as detailed hereinafter.

17. There was no warning related to liquid and/or any other substance or material that made the floor slippery.

18. WENDCO and/or GCG knew or should have known (had actual or constructive knowledge) that the floor was slippery and that a dangerous condition existed.

19. Between the time the liquid and/or any other substance or material reached the floor and the time Mrs. Domenech-Lugo slipped and fell upon it, defendants negligently failed to correct or warn of the dangerous condition.

20. For example, defendants failed to dry the liquid/floor and/or remove the substance and material and place a warning sign, or cordon-off the area.

21. If defendants did not have actual knowledge of the dangerous condition, they negligently failed to inform themselves of the dangerous condition despite having the means and duty to do so.

22. For example, defendants should have, but did not, employ adequate prevention measures, such as the deployment of agents to regularly patrol the premises and detect dangerous conditions such as liquid on the floor and/or substances and materials in the area where the accident occurred.

23. Additionally, and in the alternative, an employee or agent of defendants created the dangerous condition but failed to take any measures to correct it or warn others of it.

24. Defendants failed to properly train and/or supervise its employees and agents regarding the safety of business guests of the incident restaurant.

25. Defendants' liability includes their direct liability and that of their agents and employees.

26. Universal Insurance Company is jointly and severally liable with defendants to Mrs. Domenech-Lugo up to the limits of the policy, under Puerto Rico's direct action statute.

## V.  GENERAL DAMAGES

27. As a result of defendants' fault and negligence, Mrs. Domenech-Lugo has suffered and will continue to suffer severe bodily injury, as well as physical and mental pain and anguish.

28. The fair compensation of the damages of Mrs. Domenech-Lugo detailed above exceeds FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).

## VI.  SPECIAL DAMAGES

32. Presently the accident-related special damages of Mrs. Domenech-Lugo amount to $2,196.16 for ambulance service.

33. Also, plaintiff claims joint and severally from defendants joint any monies she has to reimburse to Medicaid and/or Medicare for medical attention paid by them related to the October 10, 2020 accident.

34. The special damages of Domenech-Lugo are expected to continue to increase.

## VII.  JURY DEMAND

34. Plaintiff demands trial by jury.

**WHEREFORE**, plaintiff demands judgment against defendants, joint and severally, in an amount not less FIVE HUNDRED TWO THOUSAND ONE HUNDRED NINETY SIX DOLLARS AND SIXTEEN CENTS ($502,196.16) together with costs, interest from the date of filing hereof, and reasonable attorney's fees.

**Date: October 4, 2021.**

s/Jorge Miguel Suro Ballester
JORGE MIGUEL SURO BALLESTER
USDC-PR 121713
Email: jm@surolawoffice.com
jmsurolaw@gmail.com

s/Miguel A. Suro Carrasco
MIGUEL A. SURO CARRASCO
USDC-PR 227807
Email: masc@surolawoffice.com d
miguel.suro@gmail.com

**Suro & Suro**
Attorneys for the plaintiff
1225 Ponce de León Ave., Suite 1202-B
San Juan, PR  00907-3921
Tels.  (787) 724-5522
